IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

G & G CLOSED CIRCUIT EVENTS, LLC,

    Plaintiff,     No. 2:10-cv-00814 GEB KJN

  v.

MARCUS LEE SHAHEN, et al.,

    Defendants.     ORDER TO SHOW CAUSE
_____/

        On November 3, 2011, the court heard plaintiff's motion for default judgment (Dkt. No. 26).[1] The court submitted plaintiff's motion, but permitted plaintiff to file supplemental briefing addressing multiple discrepancies or issues raised by the record in this case that preclude entry of a default judgment. Plaintiff was required to file such supplemental briefing on or before December 5, 2011. Plaintiff failed to file any supplemental brief.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    No later than January 6, 2012, plaintiff shall show cause in writing why: (1) it failed to file the supplemental briefing authorized by the court; (2) it or its counsel should not be sanctioned for such failure; and (3) why plaintiff's action should not be dismissed

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

pursuant to Federal Rule of Civil Procedure 41(b).[2]

      2.      No later than January 6, 2012, plaintiff may file the supplemental briefing authorized by the court.

      3.      Plaintiff's failure to comply with any portion of this Order to Show Cause shall serve as additional grounds for, and plaintiff's consent to, the dismissal of plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  December 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003). This court's Local Rules are in accord. See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).